**TEXAS DEPARTMENT OF AGRICULTURE,**
Appellant,

v.

**Maria CALDERON and Rosa Naranjo, Appellees.**

No. 13–06–084–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 26, 2007.

Elsa Nava, Austin, for appellant.

Jerry Guerra, Corpus Christi, for appellees.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, the Texas Department of Agriculture (the TDA), brings this accelerated interlocutory appeal following the trial court's denial of its plea to the jurisdiction.[1] By its sole issue, the TDA asserts that the trial court erred in denying its plea to the jurisdiction because the application of sections 101.106(b) and 101.106(f) of the Texas Tort Claims Act (the Act) to the facts of this case resulted in the TDA's immunity from suit. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.106(b), (f) (Vernon 2005). We reverse and render.

## I. Background

Appellees, Maria Calderon and Rosa Naranjo, originally filed the underlying suit against Cruz Maria Daniel, a TDA employee, alleging that Daniel's negligence caused the TDA vehicle she was driving to collide with a vehicle which was driven by appellee Calderon and in which appellee Naranjo was a passenger. On April 22, 2004, Daniel filed a motion to dismiss pursuant to section 101.106(f) of the Act. *See id.* § 101.106(f). The trial court granted

Daniel's motion to dismiss on May 11, 2004. On June 2, 2004, appellees filed a motion to reinstate/motion for new trial requesting that they "be given their full (30) days to amend their petition as provided by Texas Civil Practice[ ] and Remedies Code § 101.106(f)." *See id.* The trial court granted appellees' motion on June 11, 2004 and reinstated the case on the court's docket. On June 18, 2004, appellees filed their first amended petition, naming both Daniel and the TDA as defendants. On September 13, 2004, Daniel filed a second motion to dismiss pursuant to section 101.106(f), which the trial court granted on September 29, 2004. On April 15, 2005, appellees filed a second amended petition, naming only the TDA as a defendant. In response, the TDA filed a plea to the jurisdiction, which the trial court denied.[2] This appeal ensued.

## II. Plea to the Jurisdiction

By its sole issue, the TDA contends the trial court erred in denying its plea to the jurisdiction because it became immune from suit under section 101.106(b) of the Act when appellees irrevocably elected to sue Daniel instead of suing the TDA, itself, and because it retained its immunity from suit under section 101.106(f) when appellees failed to dismiss Daniel from the lawsuit and substitute the TDA in her place. *See id.* §§ 101.106(b), (f).

1. Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes a governmental unit to appeal an interlocutory order that grants or denies a plea to the jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2006). The TDA, being a department of the State, qualifies as such a governmental unit. *See id.* § 101.001(3)(A) (Vernon 2005).

2. The TDA alternatively filed a motion for summary judgment on limitations and due diligence in service of process grounds, which the trial court denied. On appeal, the TDA

raises its limitations and due diligence arguments as sub-issues. However, due to the interlocutory nature of the trial court's denial of the TDA's motion for summary judgment, we do not have authority to address these sub-issues. *See Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980) (providing that the denial of a motion for summary judgment is interlocutory and that no appeal will lie therefrom). Therefore, our review is limited to the TDA's assertions regarding its plea to the jurisdiction.

### A. Standard of Review

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Parks & Wildlife Dep't v. Morris,* 129 S.W.3d 804, 807 (Tex.App.-Corpus Christi 2004, no pet.). Whether a trial court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Morris,* 129 S.W.3d at 807. Therefore, we review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda,* 133 S.W.3d at 226; *Morris,* 129 S.W.3d at 807.

### B. Applicable Law

 The doctrine of sovereign immunity deprives a trial court of subject matter jurisdiction over lawsuits in which the State or certain governmental units, such as the TDA, have been sued. *See Miranda,* 133 S.W.3d at 224 (citations omitted). The Act, however, provides a limited waiver of a governmental unit's sovereign immunity. *See id.; see also* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025(a) (Vernon 2005). Specifically, the Act waives a governmental unit's sovereign immunity for property damage and personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of her employment if (1) the damage or injury arises from the operation or use of a motor-driven vehicle and (2) the employee would be personally liable to the plaintiff according to Texas law. Tex. Civ. Prac. & Rem.Code Ann. § 101.021.

### C. Analysis

Appellees initially elected to file suit against Daniel based on damages allegedly caused by her negligent driving of a TDA vehicle. As a result of appellees' election to file suit against Daniel, section 101.106(b) of the Act became operative. *See id.* § 101.106(b). In addition, on Daniel's first motion to dismiss, section 101.106(f) was invoked. *See id.* § 101.106(f). The question before this Court then is two-fold: (1) whether section 101.106(b) conferred immunity from suit on the TDA; and (2) what effect section 101.106(f) had in relation to section 101.106(b) under the facts of this case. We begin our analysis with an examination of section 101.106(b).

#### 1. Section 101.106(b)

 Section 101.106(b) provides that "the filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter...." *Id.* § 101.106(b). Thus, when appellees filed suit against Daniel, they made an irrevocable election that immediately and forever barred any suit by appellees against the TDA regarding the same subject matter. *See id.; Waxahachie Indep. Sch. Dist. v. Johnson,* 181 S.W.3d 781, 785 (Tex.App.-Waco 2005, pet. filed). Because section 101.106(b) forever bars any suit by appellees against the TDA regarding the same subject matter, the TDA asserts that it became immune from suit under section 101.106(b). We agree.

Although section 101.106(b) does not utilize the word "immunity," we nevertheless conclude that it is an immunity statute. In reaching this conclusion, we are guided by the supreme court's holding in *Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex. 1997). In *Newman,* the supreme court

analyzed the previous version of section 101.106, which provided that "a judgment in an action against a governmental unit *bars any action* against an employee." *Id.* (citations omitted). In examining the statute in the context of the Act, the supreme court noted that the Act operates as "a waiver of governmental immunity by the state for certain actions." *Id.* The supreme court then concluded that the Legislature, through section 101.106, had provided for an exception to the Act's waiver of governmental immunity. *See id.* As a result, the supreme court held that even though the word "immunity" did not appear in the prior version of section 101.106, the "bars any action" language that did appear in section 101.106 operated as an unequivocal grant of immunity to a governmental employee. *Id.*

■ Similarly, we conclude that the "bars any suit" language utilized by the Legislature in the current version of section 101.106(b) operates as an unequivocal grant of immunity from suit to a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b); *cf. Newman*, 960 S.W.2d at 622. Generally, a governmental unit, such as the TDA, is immune from suit under the doctrine of sovereign immunity. *See Miranda*, 133 S.W.3d at 224. The Act, however, provides a limited waiver of a governmental unit's sovereign immunity, allowing a governmental unit to be sued in certain circumstances. *See id.;* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025(a). Nevertheless, we conclude that the Legislature, through section 101.106(b), created an exception to the Act's limited waiver of governmental immunity by barring a plaintiff from suing a governmental unit whose employee has been sued instead regarding the same subject matter. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 101.106(b); *cf. Newman*, 960 S.W.2d at 622. This exception to the Act's waiver of governmental immunity results in the governmental unit's retention of its immunity from suit under the doctrine of sovereign immunity. Thus, once appellees filed suit against Daniel instead of against the TDA and section 101.106(b) became operative, the TDA became immune from suit.

### 2. Section 101.106(f)

■ Having answered the first part of the two-part question in the affirmative, we next examine section 101.106(f) to determine what effect it had with respect to the TDA's immunity derived from section 101.106(b). Section 101.106(f) provides the following:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f).

In effect, section 101.106(f) confers immunity on a sued employee based on her motion to dismiss if her alleged conduct occurred in the scope of her employment and if the suit could have been brought against the governmental unit under the Act.[3] *See id.; Phillips v. Dafonte*, 187

---

**3.** We note that the parties to the appeal do not challenge whether Daniel was acting

within the scope of her employment with the TDA when the incident in question occurred

S.W.3d 669, 673 (Tex.App.-Houston [14th Dist.] 2006, no pet.). In addition, by requiring a plaintiff to substitute the governmental unit as the defendant in place of the employee in order to maintain the lawsuit, section 101.106(f) has a second potential effect—that of removing a governmental unit's immunity derived from section 101.106(b). *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.106(b), (f); *cf. Phillips*, 187 S.W.3d at 673 (providing that section 101.106(f) requires either the substitution of the governmental entity for the employee or the dismissal of the plaintiff's suit). Thus, although section 101.106(f) conferred immunity on Daniel based on her motion to dismiss, it also had the potential to remove the TDA's immunity from suit derived from section 101.106(b). *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.106(b), (f).

In order for a governmental unit's immunity under section 101.106(b) to be removed by section 101.106(f), however, the plaintiff must comply with the procedural requirements of section 101.106(f). *See id.* §§ 101.106(b), (f). Thus, the plaintiff must file an amended pleading that both dismisses the employee and substitutes the governmental unit as the defendant within thirty days of the employee's motion to dismiss. *Id.* § 101.106(f). If the plaintiff timely files such an amended pleading, the governmental unit's immunity from suit derived from section 101.106(b) is removed, and the suit may proceed against the governmental unit alone. *See id.* §§ 101.106(b), (f). If however, the plaintiff fails to timely file such an amended pleading, section 101.106(f) requires that the suit against the employee be dismissed by the trial court. *Id.* § 101.106(f). In that event, the governmental unit retains its immunity from suit derived from section 101.106(b), and the plaintiff loses the opportunity to name the governmental unit in place of the employee as the defendant in the lawsuit. *See id.* §§ 101.106(b), (f).

On April 22, 2004, Daniel filed her first motion to dismiss pursuant to section 101.106(f).[4] *See id.* § 101.106(f). As a result, appellees had thirty days from the date of Daniel's motion to file an amended petition that both dismissed Daniel from the lawsuit and substituted the TDA as the defendant. *Id.* We assume, without deciding, that appellees timely filed their first amended petition. However, instead of dismissing Daniel and substituting the TDA as the defendant in the suit, appellees named both Daniel and the TDA as defendants in their first amended petition. Because appellees failed to dismiss Daniel from the suit in their first amended petition, appellees failed to comply with the procedural requirements of section 101.106(f). *See id.* As a result, section 101.106(f) mandated that the trial court dismiss the suit against Daniel, which it did on September 29, 2004.[5] *See id.; cf. Phillips*, 187 S.W.3d at 673. Furthermore,

or whether the suit could have originally been brought against the TDA pursuant to the Act. Therefore, we assume, without deciding, that the preliminary criteria of section 101.106(f) were satisfied. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (Vernon 2005).

**4.** Daniel filed two motions to dismiss pursuant to section 101.106(f). *See id.* The first motion was filed on April 22, 2004, and the second motion was filed on September 13, 2004. Although both parties address the effect of Daniel's first motion to dismiss, neither

party addresses any potential effect related to Daniel's second motion to dismiss. Thus, we will limit our analysis to the effect of Daniel's first motion to dismiss on the facts of this case.

**5.** Although the trial court did not dismiss the suit against Daniel until after Daniel filed her second motion to dismiss pursuant to section 101.106(f), the parties do not challenge the timeliness of the dismissal. *See id.*

because of appellees' failure to comply with section 101.106(f), the TDA retained its immunity from suit derived from section 101.106(b), and appellees lost the opportunity provided by section 101.106(f) to name the TDA in place of Daniel as the defendant in the lawsuit. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.106(b), (f). Thus, when appellees filed their second amended petition on April 15, 2005, naming the TDA as the only defendant, nearly a year after Daniel's first motion to dismiss and more than six months after the trial court dismissed the suit against Daniel pursuant to section 101.106(f), the TDA was immune from suit based on section 101.106(b) and appellees' failure to comply with the procedural requirements of section 101.106(f). *See id.* §§ 101.106(b), (f). As a result of the TDA's immunity from suit, the trial court lacked subject matter jurisdiction over appellees' suit against the TDA. *See Miranda,* 133 S.W.3d at 224 (providing that sovereign immunity deprives a trial court of subject matter jurisdiction over lawsuits in which the State or certain governmental units have been sued).

■ Because the trial court lacked subject matter jurisdiction over appellees' suit against the TDA, we conclude that the trial court erred in denying the TDA's plea to the jurisdiction. Therefore, we sustain the TDA's sole issue.[6]

### III. Conclusion

Accordingly, we reverse the trial court's denial of the TDA's plea to the jurisdiction and render judgment dismissing appellees' claims against the TDA for lack of subject matter jurisdiction.

6. We note that appellees assert that they complied with section 101.106(f) by invoking section 101.106(e) when they filed their first amended petition naming both Daniel and the TDA as defendants. *See id.* §§ 101.106(e), (f). Relying on section 101.106(e), appellees specifically argue that because Daniel's first motion to dismiss was pending when they filed their first amended petition naming both Daniel and the TDA as defendants, the suit against Daniel was automatically dismissed. *See id.* § 101.106(e). They suggest that it was not necessary for them to dismiss Daniel in their first amended petition because section 101.106(e) purportedly effectuated the dismissal necessary to comply with section 101.106(f). *See id.* §§ 101.106(e), (f). Appel-

lees' reliance on section 101.106(e), however, is misplaced. *See id.* § 101.106(e).

Section 101.106(e) provides that when both the governmental entity and the governmental employee are originally named as defendants in a lawsuit, the trial court shall immediately dismiss the employee on the filing of a motion by the governmental unit. *See id.* Here, appellees originally filed suit against Daniel; they did not originally file suit against both Daniel and the TDA. Furthermore, the motion to dismiss was filed by Daniel rather than by the TDA. As a result, section 101.106(e) is not implicated under the facts of this case. *See id.* Therefore, we conclude that appellees' assertion is without merit.