**Wilma REEDY, R.N., Petitioner,**

**v.**

**Elizabeth POMPA and Nicholas Pompa, III, as parents and next friends of Annica Pompa, a minor, Respondents.**

**No. 10–0306.**

Supreme Court of Texas.

Jan. 21, 2011.

Brian Gregory Jackson, Davis Fuller Jackson Keene, and Douglas Wayne Bryant, Davis & Davis, P.C., Austin, TX, for Wilma Reedy, R.N.

Robert J. Talaska and Timothy Lyle Culberson, The Talaska Law Firm, P.L.L.C., Houston, TX, for Elizabeth Pompa.

PER CURIAM.

After their daughter, Annica, was born with shoulder dysotica and other injuries at Cuero Community Hospital, a facility operated by DeWitt Medical District, her parents, respondents Elizabeth and Nicholas Pompa, sued petitioner Wilma Reedy, R.N., and others. Reedy moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE § 101.106(f), claiming that the suit was based on conduct within the general scope of her employment at the hospital and could have been brought against the governmental unit.

The trial court denied the nurse's motion to dismiss, and Reedy brought an interlocutory appeal. The court of appeals affirmed. 310 S.W.3d 112, 119–20 (Tex. App.-Corpus Christi–Edinburg 2010). The court of appeals held that the nurse did not show that the Pompas' claim could have been brought against the hospital under the Act, a requirement of section 101.106(f). *Id.*

While this case has been pending on appeal, we have decided *Franka v. Velasquez,* 332 S.W.3d 367 (Tex.2011), holding among other things that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka,* we grant Reedy's petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. TEX.R.APP. P. 59.1.