

## NUMBER 13-08-00590-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**WILMA REEDY, R.N.,**                                                   **Appellant,**

**v.**

**ELIZABETH POMPA AND NICHOLAS POMPA, III,**
**AS PARENTS AND NEXT FRIENDS OF**
**ANNICA POMPA, A MINOR,**                                          **Appellees.**

---

### On appeal from the 135th District Court
### of DeWitt County, Texas.

---

## MEMORANDUM OPINION ON REMAND

### Before Justices Yañez, Rodriguez and Benavides[1]

---

[1] The Honorable Linda Reyna Yañez, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2010; therefore, this case, which was argued before this panel on May 28, 2009, will be decided by the two remaining justices on the panel.   *See* TEX. R. APP. P.

**Memorandum Opinion on Remand by Justice Benavides**

We issued our first opinion in this case on March 18, 2010. *See Reedy v. Pompa*, 310 S.W.3d 112 (Tex. App.—Corpus Christi 2010), *rev'd*, 332 S.W.3d 402 (Tex. 2011). While this case was pending on appeal, the Texas Supreme Court decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), holding that for the purposes of section 101.106(f) of the civil practice and remedies code, "a tort action is brought 'under' the Texas Tort Claims Act, even if the government has not waived its immunity for such actions." *Id.* at 370–71. In light of its holding in *Franka*, the supreme court remanded this case to us for further proceedings.

The underlying background and procedural facts of this appeal are set forth in our March 18, 2010 opinion. *See Reedy*, 310 S.W.3d at 114–17. Essentially, this was a health care liability claim wherein Elizabeth and Nicholas Pompa III (the Pompas) filed a lawsuit after their daughter Annica experienced shoulder dystocia of her left arm during birth. Annica subsequently suffered "Erb's palsy" on her upper left extremity, or paralysis of her left arm, wrist, and hand due to injury to the brachial plexus nerves. *Id.* at 115. Reedy was a registered nurse employed by Cuero Community Hospital who assisted during Annica's birth.

At the trial court level, Reedy filed a motion to dismiss claiming that she should be dismissed pursuant to 101.106(f) of the Texas Civil Practices and Remedies Code.

41.1(b) ("After argument, if for any reasons a member of the panel cannot participate in deciding a case, the case may be decided by the two remaining justices.").

*See* TEX. CIV. PRAC. & REM. CODE ANN. §101.106(f) (West 2011).   This section provides that a trial court must dismiss a suit against an employee of a governmental unit if the employee shows that the suit was based on conduct within the general scope of her employment and that the suit "could have been brought under [the Tort Claims Act] against the governmental unit."   *Id.*   The trial court denied this motion, and we affirmed, holding that "Reedy was required to show that the Pompas' suit invoked a waiver of immunity from suit and liability under the Tort Claims Act" to prevail on her motion. Under *Franka*, however, this is no longer the case.   *See Franka*, 332 S.W.3d at 370–71. Reconsidering this case in light of *Franka*, we reverse the order denying Reedy's motion to dismiss and render judgment dismissing the Pompas' claims against Reedy.[2]

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of March, 2012.

_____

[2] Reedy presented another issue on appeal—that she was entitled to dismissal because she was employed by Cuero Community Hospital, a governmental unit, acted within the general scope of her duties, and used "tangible personal property" in the form of medical devices, fetal monitor strips, and other medical equipment to conduct her job.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). However, because the previously discussed issue is dispositive of the appeal, we need not address her second issue.   *See* TEX. R. APP. P. 47.1.

3