**HUNTSVILLE INDEPENDENT SCHOOL DISTRICT, Appellant,**

**v.**

**William Earl BRIGGS, Appellee.**

No. 10–08–00006–CV.

Court of Appeals of Texas, Waco.

June 18, 2008.

essary to obtain relief. I believe he failed to sustain his burden of proof.

For these reasons, I respectfully dissent.)

Bennie D. Rush, Huntsville, TX, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

William Briggs was involved in an automobile accident where he was hit from behind by a school bus owned by Huntsville Independent School District and driven by Debra Ross, an employee of HISD. HISD brings this interlocutory appeal of the denial of its plea to the jurisdiction. Because the trial court erred in denying HISD's plea to the jurisdiction, the trial court's order is reversed.

### Background

Briggs initially filed a lawsuit against Ross alleging that she was negligent "while in the course and scope of her employment with Huntsville Independent School District...." Ross answered the lawsuit and filed a motion to dismiss pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005). Twenty-six days after Ross filed her motion to dismiss, Briggs amended his petition to add HISD as a defendant. No other substantive changes were made. Forty-one days after Ross filed her motion to dismiss, Briggs again amended his petition to delete Ross as a defendant. No other substantive changes were made. The trial court never ruled on Ross's motion to dismiss. Pursuant to section 101.106(b), HISD filed a plea to the jurisdiction which, after a hearing, was denied. *See id.* § 101.106(b).

### OUR JURISDICTION

Initially, we must address Briggs's contention that we have no jurisdiction of

James E. Byrom, Ewbank & Byrom PC, Austin, TX, for Appellant.

this interlocutory appeal because there is no right to appeal from the denial of a motion to dismiss under section 101.106(f) of the Texas Civil Practice and Remedies Code. *See Hudak v. Campbell,* 232 S.W.3d 930 (Tex.App.–Dallas, no pet.). We do not need to decide the appealability of the denial of a subsection (f) motion to dismiss. Briggs confuses Ross's motion to dismiss with HISD's plea to the jurisdiction. The appeal of the denial of a plea to the jurisdiction by a governmental unit is specifically allowed by the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2007). HISD is a governmental unit as defined by section 101.001. *Id.* § 101.001(3)(B) (Vernon 2005). Therefore, we have jurisdiction of HISD's interlocutory appeal.

## PLEA TO THE JURISDICTION

In its sole issue, HISD asserts that because 1) Briggs failed to dismiss his suit against Ross and substitute HISD as a party within 30 days of Ross filing a motion to dismiss under subsection (f), and 2) Briggs first sued only Ross; HISD therefore is immune from suit as a result of the application of subsection (b).

*Sovereign Immunity*

■ Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits against the State or other governmental units unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). While sovereign immunity refers to the immunity from suit and liability of the State and the various divisions of state government, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex. 2003).

## Standard of Review

■ Because immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* at 226. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider relevant evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

## Texas Tort Claims Act

Chapter 101 of the Civil Practice and Remedies Code is referred to as the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.002 (Vernon 2005). The Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from a "condition or use of tangible personal or real property." *Id.* § 101.021(1); *Mission Consolidated Ind. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655–56 (Tex.2008). For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles. TEX. CIV. PRAC. & REM.CODE ANN. § 101.051 (Vernon 2005); *Mission Consolidated,* 253 S.W.3d at 655–56.

This appeal involves the election of remedies provision of the Act, that is, section 101.106 and specifically subsections (b) and (f). TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b),(f) (Vernon 2005). The law in this area is, to say the least, unsettled. HISD argues that because Briggs did not timely dismiss Ross and substitute in

HISD pursuant to subsection (f), he is forever barred, pursuant to subsection (b) from suing HISD. Subsection (f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against **the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.**

*Id.* (f) (emphasis added). Subsection (b) provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

*Id.* (b).

 By section 101.106, a plaintiff must choose whether he would seek to impose tort liability on a governmental unit or on a governmental employee acting as an individual outside the employee's official capacity. *Waxahachie Indep. Sch. Dist. v. Johnson,* 181 S.W.3d 781, 785 (Tex. App.–Waco 2005, pet. denied); *see Mission Consolidated,* 253 S.W.3d at 656–57. The choice of one immediately and irrevocably bars the plaintiff's claims against the other. *Waxahachie Indep. Sch. Dist.,* 181 S.W.3d at 785. A plaintiff unwise in his choices potentially faces an irrevocable bar against both the governmental entity and its employee. *Id.* The effect of the statute is that a plaintiff is no longer able to

include every potential tortfeasor in a suit, argue alternative theories of recovery based on the same conduct, and allow a fact finder to decide which party was the wrongdoer. *Id.*; *see Mission Consolidated,* 253 S.W.3d at 656–58.

What we need to decide in this appeal is what effect the untimely election under subsection (f) to dismiss the employee and substitute the governmental unit as a party to the suit has on the governmental unit's immunity established by subsection (b).

This appeal is strikingly similar to the appeal decided by the Corpus Christi Court, *Texas Department of Agriculture v. Calderon,* in that the Corpus Christi Court determines part of the relationship between subsections (f) and (b). *Tex. Dep't of Agric. v. Calderon,* 221 S.W.3d 918 (Tex. App.–Corpus Christi 2007, no pet.). In *Calderon,* the appellees originally filed suit against a Texas Department of Agriculture employee, alleging that the employee's negligence caused the TDA vehicle she was driving to collide with appellees' vehicle. The employee filed a motion to dismiss under subsection (f) which was granted by the trial court before the 30 day timetable had expired. On the appellees' motion, the case was reinstated. The employee filed another motion to dismiss which was again granted prior to the expiration of 30 days from the date of the second motion to dismiss but beyond 30 days from the date the first motion to dismiss was filed. A year later, the appellees amended their petition naming TDA as the only defendant. TDA filed a plea to the jurisdiction which was denied.

The *Calderon* court determined that when the appellees filed suit against the employee, they made an irrevocable election that immediately and forever barred any suit by the appellees against the TDA regarding the same subject matter. *Cal-*

*deron*, 221 S.W.3d at 921. The court determined that the "bars any suit" language utilized by the Legislature in the current version of subsection (b) operates as an unequivocal grant of immunity from suit to a governmental unit.[1] *Id.* at 922. Thus, once the appellees filed suit against the employee instead of against the governmental unit, subsection (b) became operative and the TDA became immune from suit. *Id.*

The court then analyzed the impact of subsection (f) on the immunity derived from subsection (b). Effectively, it said, subsection (f) confers immunity on a sued employee based on her motion to dismiss *if* her alleged conduct occurred in the scope of her employment *and* if the suit could have been brought against the governmental unit under the Act. *Id.* In addition, by requiring a plaintiff to substitute the governmental unit as the defendant in place of the employee in order to maintain the lawsuit, subsection (f) has the potential effect of removing a governmental unit's immunity derived from subsection (b). *Id.* at 923. But, in order for a governmental unit's immunity under subsection (b) to be removed by subsection (f), the plaintiff must comply with the procedural requirements of subsection (f). *Id.* Thus, the plaintiff must file an amended pleading that *both* dismisses the employee *and* substitutes the governmental unit as the defendant within thirty days of the employee's motion to dismiss. *Id.* If the plaintiff timely files such an amended pleading, the governmental unit's immunity from suit derived from subsection (b) is removed, and the suit may proceed against the governmental unit alone. *Id.* We agree with *Calderon* up to this point.

But the analysis then becomes too narrow. The court determines that if, however, the plaintiff fails to timely file such an amended pleading, subsection (f) requires that the suit against the employee be dismissed by the trial court. *Id.* That can only happen if the employee proves the two prerequisites in the first sentence of subsection (f). *See Williams v. Nealon,* 199 S.W.3d 462, 466 (Tex.App.–Houston [1st Dist.] 2006, pet. filed). It appears that the *Calderon* court then determines that *only* in the event the employee is dismissed under subsection (f), does the governmental unit retain its immunity from suit derived from subsection (b); and the plaintiff loses the opportunity to name the governmental unit in place of the employee as the defendant in the lawsuit. *Calderon,* 221 S.W.3d at 923. We disagree with this determination.

When a defendant employee files a motion to dismiss under subsection (f), the plaintiff has two choices. He can wait, not amend his petition, and see if the trial court agrees with the employee that the suit filed is a suit under the Texas Tort Claims Act, which meets the two prerequisites of the statute, and dismisses the suit against the defendant employee. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005) (on employee's motion, suit must be dismissed if "based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit"). Or, he can go ahead and timely amend his petition by both dismissing the employee and substituting the governmental unit as a party. He has 30 days from the filing of the motion to dismiss to timely amend. *Id.* ("the plaintiff files amended pleadings dismissing the employee and

---

1. The Texas Supreme Court has recently affirmed that subsection (b) "bars *any* suit against the governmental unit regarding the

same subject matter...." *Mission Consolidated,* 253 S.W.3d at 659–60.

naming the governmental unit as defendant on or before the 30th day after the date the motion is filed").

There is certainly a risk with either choice. If the plaintiff waits, does not amend, and the trial court dismisses his suit against the defendant employee, he has missed his chance to sue the governmental unit, because he has opted to sue the employee first regarding the same subject matter. *See id.* (b). Whether the employee is initially sued in her individual or official capacity is irrelevant. *Waxahachie Indep. Sch. Dist. v. Johnson,* 181 S.W.3d 781, 787 (Tex.App.–Waco 2005, pet. denied). The benefit of waiting is that if the trial court does not grant the employee's motion to dismiss because the employee has not proved the necessary prerequisites, the employee is still a defendant in the suit. But, if the plaintiff decides to amend, and does not do so timely, regardless of whether a subsection (f) motion has been granted, he has also missed the chance to sue the governmental unit. *See Tex. Dep't of Agric. v. Calderon,* 221 S.W.3d 918 (Tex.App.–Corpus Christi 2007, no pet.).

■ This result makes sense. It makes no sense, though, to allow the immunity provision in subsection (b) to stand only when a motion to dismiss has been granted. If a plaintiff is allowed to untimely make the switch from employee to governmental unit, just because the employee's motion has not been granted, the plaintiff is allowed to circumvent the purpose of the legislative changes to section 101.106. What if the employee does not file a motion to dismiss? Do the protections of subsection (b) disappear? No. When a plaintiff files a suit against an employee, regardless of whether the employee is sued in her individual or official capacity, the plaintiff is "forever barred" from filing any suit against the governmental unit re-

garding the same subject matter. *Tex. Dep't of Agric. v. Calderon,* 221 S.W.3d 918 (Tex.App.–Corpus Christi 2007, no pet.); *Waxahachie Indep. Sch. Dist. v. Johnson,* 181 S.W.3d 781 (Tex.App.–Waco 2005, pet. denied). *See generally Mission Consolidated Ind. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659–60 (Tex.2008). It follows, then, that the protections of subsection (b) do not disappear when the plaintiff untimely makes his election to dismiss the employee and substitute the governmental unit as a party. Therefore, if a plaintiff does not *both* dismiss the employee *and* substitute the governmental unit as a party within 30 days from the date the employee files a motion to dismiss, the protections of subsection (b) are still available to the governmental unit. Under these circumstances, a plea to the jurisdiction by the governmental unit should be sustained.

■ Briggs chose to file his lawsuit against Ross, HISD's employee. Once the suit was filed against Ross instead of HISD, subsection (b) became operative and HISD became immune from suit. Because Briggs alleged Ross was negligent "while in the course and scope of her employment" with HISD, Ross was entitled to file a motion to dismiss under subsection (f). Within 30 days from the date the motion to dismiss was filed, Briggs added HISD to the suit. He did not dismiss Ross. Ross was not dismissed from the suit until 41 days after her motion to dismiss was filed. Briggs's dismissal of Ross was untimely. Briggs did not comply with the procedural requirements of subsection (f). Therefore, the protections of subsection (b) were still available to HISD, and its plea to the jurisdiction should have been granted.

Briggs argues that the trial court did not err in denying HISD's plea to the jurisdiction because HISD did not prove its entitlement to a dismissal under sub-

section (f). But, this was Ross's motion to dismiss, not HISD's motion. HISD had no burden to prove Ross's entitlement to a dismissal under subsection (f). And although Ross filed a motion to dismiss, Ross was never put to her burden because the motion was never heard or ruled on by the trial court. Even if Ross's motion had been denied, Ross would have remained in the suit and Briggs still would not have been able to add HISD to the suit because of subsection (b).

### CONCLUSION

Because Briggs did not timely amend his petition pursuant to subsection (f), the trial court erred in denying HISD's plea to the jurisdiction. HISD's sole issue is sustained. The trial court's order is reversed. HISD's plea to the jurisdiction is granted; and because HISD was the only defendant remaining in the trial court case, judgment is rendered that Briggs takes nothing, and the trial court case is dismissed.

Justice VANCE concurs in the judgment.