

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00041-CV

**LEWIS LAPAUL FULSOM AND PAULINE FULSOM, AS NEXT OF FRIEND,**

                                            **Appellants**

 **v.**

**MEXIA INDEPENDENT SCHOOL DISTRICT,**

                                            **Appellee**

### From the 87th District Court
### Limestone County, Texas
### Trial Court No. 29,040-B

## MEMORANDUM  OPINION

Lewis LaPaul Fulsom and his mother, Pauline Fulsom, filed a lawsuit in May of 2009 against various entities and individuals.  After being issued a criminal trespass warning, which prohibited Fulsom from entering on Mexia Independent School District property, Fulsom amended his petition and sued MISD for abuse of process.  MISD filed a plea to the jurisdiction contending it was immune from Fulsom's abuse of process claim.  The plea was granted, and Fulsom appeals.  We affirm.

Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

While sovereign immunity refers to the immunity from suit and liability of the State and the various divisions of state government, governmental immunity protects political subdivisions of the State, including school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390, 392 (Tex. App.—Waco 2008, pet. denied). For school districts, the Texas Tort Claims Act's waiver of governmental immunity is narrow, encompassing only tort claims involving the use or operation of motor vehicles. TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (Vernon 2005); *Mission Consolidated*, 253 S.W.3d at 656; *Briggs*, 262 S.W.3d at 392. Further, governmental units are immune from intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 2005).

Fulsom sued MISD for abuse of process, which is an intentional tort. *See Dillard's, Inc. v. Newman*, 299 S.W.3d 144 (Tex. App.—Amarillo 2008, pet. denied); *Harris v. Francis*, No. 05-99-00866-CV, 2000 Tex. App. LEXIS 1067 (Tex. App.—Dallas Feb. 16, 2000, no pet.). Because the Texas Tort Claims Act does not waive immunity for intentional torts, MISD was entitled to immunity. Further, because Fulsom did not allege that his claim against MISD involved the use or operation of a motor vehicle, MISD was entitled to immunity. Accordingly, the trial court did not err in granting MISD's plea to the jurisdiction.

The trial court's judgment is affirmed.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed September 22, 2010
[CV06]