IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00041-CV

 

Lewis LaPaul Fulsom and Pauline 

Fulsom, as Next OF Friend,

                                                                                    Appellants

 v.

 

Mexia Independent School District,

                                                                                    Appellee

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 29,040-B

 



MEMORANDUM  Opinion










 

            Lewis LaPaul Fulsom and his mother,
Pauline Fulsom, filed a lawsuit in May of 2009 against various entities and
individuals.  After being issued a criminal trespass warning, which prohibited
Fulsom from entering on Mexia Independent School District property, Fulsom
amended his petition and sued MISD for abuse of process.  MISD filed a plea to
the jurisdiction contending it was immune from Fulsom’s abuse of process
claim.  The plea was granted, and Fulsom appeals.  We affirm.

            Whether a pleader has alleged facts
that affirmatively demonstrate a trial court's subject matter jurisdiction is a
question of law reviewed de novo.  Tex. Dep't of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 

            While sovereign immunity refers to the
immunity from suit and liability of the State and the various divisions of
state government, governmental immunity protects political subdivisions of the
State, including school districts.  See Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 694 n.3 (Tex. 2003); Huntsville Indep. Sch. Dist. v.
Briggs, 262 S.W.3d 390, 392 (Tex. App.—Waco 2008, pet. denied).  For school
districts, the Texas Tort Claims Act’s waiver of governmental immunity is
narrow, encompassing only tort claims involving the use or operation of motor
vehicles.  Tex. Civ. Prac. & Rem.
Code Ann. § 101.051 (Vernon 2005); Mission Consolidated,
253 S.W.3d at 656; Briggs, 262 S.W.3d at 392.  Further, governmental
units are immune from intentional torts.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 2005).

            Fulsom sued MISD for abuse of process,
which is an intentional tort.  See Dillard's, Inc. v. Newman, 299
S.W.3d 144 (Tex. App.—Amarillo 2008, pet. denied); Harris v. Francis,
No. 05-99-00866-CV, 2000 Tex. App. LEXIS 1067 (Tex. App.—Dallas Feb. 16, 2000, no pet.).  Because the Texas Tort Claims Act does not waive immunity for
intentional torts, MISD was entitled to immunity.  Further, because Fulsom did
not allege that his claim against MISD involved the use or operation of a motor
vehicle, MISD was entitled to immunity.  Accordingly, the trial court did not
err in granting MISD’s plea to the jurisdiction.  

 

            The trial court’s judgment is
affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed September 22, 2010

[CV06]