COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| TEXAS TECH UNIVERSITY HEALTH | § | |
| SCIENCE CENTER, | | No. 08-10-00325-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 210th District Court |
| | § | |
| WILLIAM C. WILLIAMS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#2009-5064) |
| | § | |

## O P I N I O N

In two issues, Texas Tech University Health Science Center (TTUHSC), Appellant, appeals

from the trial court's denial of its motion to dismiss, which alleged that William C. Williams,

(Williams), Appellee, failed to timely name TTUHSC as a governmental-unit defendant under

Section 101.106 of the Texas Tort Claims Act, and thus deprived the trial court of subject-matter

jurisdiction. We reverse.

## BACKGROUND

After suffering injuries in a motorcycle accident, Williams underwent a surgical procedure

performed by Dr. Miguel Pirela-Cruz, a TTUHSC employee, and Drs. Leah Ochoa and Uel Hansen,

United States Army physicians temporarily assigned to work as medical residents at TTUHSC.

Williams filed a medical-malpractice suit in state district court naming as defendants each of the

physicians. Williams did not name TTUHSC as a defendant.

Dr. Pirela-Cruz answered the suit, generally denying Williams' allegations and invoking the

election-of-remedies provision set forth in Section 101.106 of the Texas Tort Claims Act. TEX. CIV.

PRAC. & REM. CODE ANN. § 101.106 (West 2011). On December 29, 2009, Dr. Pirela Cruz filed

a motion to dismiss the claims against him under Section 101.106(f), averring that TTUHSC is a governmental unit, that he was a TTUHSC employee, that his performance of surgery upon Williams was within the course and scope of his employment with TTUHSC, and that Williams could have brought suit against TTUHSC. Under Section 101.106(f), unless Williams filed amended pleadings dismissing Dr. Pirela-Cruz and naming TTUHSC as a defendant "on or before the 30th day after the date the motion is filed," the trial court would be required to dismiss suit against Dr. Pirela-Cruz, TTUHSC's employee. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011).

During the pendency of Dr. Pirela-Cruz' motion in state court, the United States removed the case to the United States District Court, which granted the United States' application to dismiss Drs. Ochoa and Hansen from the action and substitute the United States as a named defendant. On January 28, 2010, thirty days after Dr. Pirela-Cruz filed his Section 101.106(f) motion to dismiss, Williams' attorney, Mr. Pierce, contacted Dr. Pirela-Cruz' attorney, Mr. Nasits, to discuss the pending motion.[1] That same day, Mr. Pierce sent to Mr. Nasits a letter indicating that Williams was willing to amend his complaint to drop all complaints against the physicians[2] and, instead, name TTUHSC as the sole defendant in his suit but that he could not yet file the amended petition because the United States' attorney had not yet conferred with him regarding it. The purpose of the letter, Mr. Pierce stated, was "to timely address the issues raised in [Dr. Pirela-Cruz'] motion to dismiss based on [Section 101.106(f)] which was pending in state court prior to [the removal to federal court.]" In accordance with Mr. Pierce's request, Mr. Nasits signed and returned the letter in which

---

[1] Mr. Nasits, TTUHSC's General Counsel, represented Dr. Pirela-Cruz but did not represent TTUHSC, which is represented in legal matters by the Texas Attorney General.

[2] The United States District Court did not enter its order substituting the United States for Drs. Ochoa and Hansen until later that day.

he agreed that "this resolves the issues raised in [Dr. Pirela-Cruz'] motion to dismiss[.]"[3]

On February 8, 2010, Williams filed his unopposed motion for leave to amend the complaint in federal court, which mirrored the state-court petition, except that it named TTUHSC as the sole defendant and alleged that TTUHSC was vicariously liable for Dr. Pirela-Cruz' negligence. The next day, the United States District Court granted Williams' motion for leave to amend but before TTUHSC could file its answer with that court, Williams moved to remand the case to state court as his remaining state-law claims against TTUHSC provided no basis for subject-matter jurisdiction in federal court.

After the federal court remanded the case to the state district court, Williams filed his Second Amended Complaint, again naming TTUHSC as the sole defendant. In its answer, TTUHSC included a plea to the jurisdiction, invoking sovereign immunity from suit and any limitations, exemptions, and exclusions in the Texas Tort Claims Act. TTUHSC also filed a motion to dismiss Williams' suit based on his failure to timely file the amended pleadings on or before the 30th day after TTUHSC's employee, Dr. Pirela-Cruz, filed his motion to dismiss as required under Section 101.106(f). Because Williams had not timely complied with the substitution procedure, TTUHSC argued that Williams was barred from substituting TTUHSC as a defendant in place of its employee, Dr. Pirela-Cruz. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) (West 2011). Williams argued that his amended petition was timely filed, noting that the intervening removal to federal court and delayed conference with the United States' attorney rendered him "unable to amend his petition within the statutory 30 days." Williams also argued that Dr. Pirela-Cruz' attorney, Mr. Nasits agreed to extend the time for filing the amended petition under Section 101.106(f) and noted that Mr. Nasits

---

[3] At the time of the agreement, TTUHSC was not a party to the federal lawsuit nor a signatory to the Rule 11 agreement.

is TTUHSC's Associate General Counsel.

After hearing the arguments of the parties, the trial court denied TTUHSC's motion to dismiss.

## DISCUSSION

In Issue One, TTUHSC contends that because Williams did not timely comply with Section 101.106(f) of the Texas Tort Claims Act, his suit against TTUHSC is jurisdictionally barred. In Issue Two, TTUHSC argues that Williams' agreement with Dr. Pirela-Cruz did not cure his non-compliance with Section 101.106(f) of the Texas Tort Claims Act.

*Appellate Jurisdiction*

We first address Williams' assertion that we are without jurisdiction to consider this appeal. Immunity deprives a trial court of subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law which we review *de novo. Id.* at 226.

Williams contends that Section 51.014(a)(8) of the Civil Practices and Remedies Code does not permit this court to review TTUHSC's interlocutory appeal of the trial court's denial of its motion to dismiss filed under Section 101.106 as that provision only affords TTUHSC immunity from liability rather than immunity from suit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008). For this reason, Williams asserts that the trial court's order does not constitute an order denying a plea to the jurisdiction and is not subject to appeal under Section 51.014(a)(8). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008).

A plea to the jurisdiction challenges a trial court's subject-matter jurisdiction but such a challenge may also be brought through other procedural vehicles as well. *Harris County v. Sykes*, 136 S.W.3d 635-36, 638 (Tex. 2004). When a trial court denies a governmental entity's no-

jurisdiction claim, whether by a plea to the jurisdiction, a motion for summary judgement, or otherwise, the Texas Supreme Court has recognized that the Legislature permits the bringing of an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Sykes*, 136 S.W.3d at 638, *citing San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245 n.3 (Tex. 2004). Here, TTUHSC, challenged the trial court's subject-matter jurisdiction by asserting its immunity from suit under the provisions of Sections 101.106(b) and (f), through the procedural vehicle of a motion to dismiss, which the trial court denied. Accordingly, we conclude that we have jurisdiction to consider TTUHSC's interlocutory appeal from the trial court's denial of its motion to dismiss wherein it challenged the trial court's jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009) (immunity is a jurisdictional question); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 240 (Tex. App. – San Antonio 2010, no pet.) ("[S]ection 101.106 is a jurisdictional statute involving the waiver of immunity.").

*Standard of Review*

"The meaning of a statute is a legal question, which we review *de novo* to ascertain and give effect to the Legislature's intent." *Entergy Gulf States*, *Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). In construing a statute, we must determine the Legislature's intent in enacting the statute. *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). In doing so, we look to the plain meaning of the statutory language. *See Fireman's Fund County Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768-69 (Tex. 2000). In reading a statute, we examine the Legislature's words in context of the whole statute and do not consider words or parts of the statute in isolation. *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010). We do not read statutory language to yield an absurd result. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Nor do we read a statute to render part of it meaningless. *Entergy Gulf States*, *Inc.*, 282 S.W.3d at 442.

*Application*

In Texas, governmental entities enjoy immunity from suit unless the State has consented thereto. *Miranda*, 133 S.W.3d at 225; *see Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (trial courts have no subject-matter jurisdiction over suits against the State absent the State's consent). Through its enactment of the Texas Tort Claims Act, the Legislature has agreed to waive sovereign immunity for specified claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-101.109 (West 2011). In 2003, the Legislature significantly revised Section 101.106 of the Texas Tort Claims Act, entitled "Election of Remedies," which now provides in relevant part that:

> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> . . .
>
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 10-1.106(b) and (f) (West 2005); *see* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05, 2003 Tex. Gen. Laws 847, 886. Section 101.106 addresses governmental immunity and is jurisdictional. *Webber-Eells*, 327 S.W.3d at 240. As revised, Section 101.106 requires that a plaintiff "decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

Its purpose is to reduce the resources that necessarily must be implemented in defending redundant litigation. *Id.* Consequently, a plaintiff must carefully decide whether to sue the governmental unit or its employee. *See Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 656-57; *Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390, 393 (Tex. App. – Waco 2008, pet. denied). A plaintiff's unwise choice may result in a bar to recovery from both the governmental unit and its employee. *Id.*; *see also Webber-Eells*, 327 S.W.3d at 240 ("The plaintiff's choices and procedural actions impact the immunity of either the governmental unit or the employee of the governmental unit [under section 101.106.]").

Under Subsection (b), a plaintiff who elects to file suit against a governmental unit's employee makes an irrevocable election that "immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) (West 2011); *Mission Consol. Indep. Sch. Dist.* 253 S.W.3d at 659; *Webber-Eells*, 327 S.W.3d at 239-40, *citing Briggs*, 262 S.W.3d at 393-95. In reference to a former version of 101.106, the Texas Supreme Court has noted that it "reasoned that the phrase, 'bars any action', was 'an unequivocal grant of immunity,' and that allowing an interlocutory appeal from a refusal to enforce the bar 'protects public officials asserting an immunity defense from the litigation process.'" *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011), *quoting Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997). Although that phrase is not currently contained in Section 101.106(f), the Texas Supreme Court nevertheless recognizes that "four other subsections speak of a bar from suit or recovery, and we think the character of the statute as one conferring immunity remains unchanged." *Id.*

Even so, the governmental unit's immunity from "any suit or recovery" thus retained under Subsection (b) remains subject to removal under Subsection (f) if the employee defendant moves for

dismissal of the suit against him. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) and (f) (West 2011). The Legislature has provided that when a Subsection (b) employee defendant moves to dismiss the suit against him, the plaintiff then has a thirty-day period within which he may secure suit against the governmental unit by filing amended pleadings dismissing the Subsection (b) employee defendant and naming the governmental unit as a defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011); *id.* When a plaintiff decides to amend and substitute under Subsection (f), but fails to do so timely, "regardless of whether a subsection (f) motion has been granted, [the plaintiff] has also missed the chance to sue the governmental unit." *Briggs*, 262 S.W.3d at 395. Under such circumstances, the governmental unit's immunity protections arising from a plaintiff's original election to file suit against an employee defendant under Subsection (b) remain intact. *Briggs*, 262 S.W.3d at 395. Accordingly, when a plaintiff fails to both timely dismiss the employee defendant and timely substitute the governmental unit as a party within thirty days from the date the Subsection (b) employee defendant files a motion to dismiss, a plea to the jurisdiction by the governmental unit should be sustained. *Briggs*, 262 S.W.3d at 395.

On December 29, 2009, Dr. Pirela-Cruz filed his motion to dismiss under Section 101.106(f). TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). Therefore, to secure an opportunity to sue TTUHSC, Williams was required, but failed, to file his amended pleadings on or before January 28, 2010. *Id.*; *Briggs*, 262 S.W.3d at 395. On March 22, 2010, Williams filed his amended pleadings in state court naming TTUHSC as the sole defendant but, notably, failed to seek dismissal of Dr. Pirela-Cruz. *Webber-Eells*, 327 S.W.3d at 242. Because Williams failed to timely file his amended pleadings in compliance with Subsection (f), TTUHSC retains its immunity from suit. *Briggs*, 262 S.W.3d at 395. Therefore, TTUHSC's challenge to the trial court's jurisdiction as raised in its motion to dismiss should have been granted. TEX. CIV. PRAC. & REM. CODE ANN.

§ 101.106(f) (West 2011); *Briggs*, 262 S.W.3d at 395. Issue One is sustained.

Regarding Issue Two, Williams admits knowing that it was procedurally necessary to amend his petition but contends that his attempts to timely do so were inhibited by both the federal proceedings and his inability to obtain consent to amend from the U.S. Attorney. Williams states that he waited until February 8, 2010, to amend his petition because Mr. Nasits, "expressly agreed to extend the time for Williams to file his Amended Petition naming TTUHSC as a Defendant pursuant to . . .section 101.106(f)." Williams describes his tardy amendment of the petition as slight. Slight or not, the amendment was not filed within the statutory thirty-day period. While in some circumstances the Legislature has deemed it appropriate to permit parties to agree to extend a statutory deadline, it has not done so with respect to Subsection (f). *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011) (statutory provision expressly permitting affected parties to extend by written agreement the statutory time frame for serving an expert report in a health care liability claim). However, because Section 101.106 involves governmental immunity and because under Subsection (f) the Legislature has provided a specific thirty-day window within which it permits the State's immunity to be pierced upon timely compliance thereof by both dismissing the governmental unit's employee and naming the governmental unit as a defendant, we conclude that parties are not permitted, under Rule 11 or otherwise, to extend the thirty-day period within which the State's waiver of immunity exists. TEX. R. CIV. P. 11. "The judiciary has 'consistently deferred to the Legislature to waive sovereign immunity from suit, because this allows the Legislature to protect its policymaking function.'" *Webber-Eells*, 327 S.W.3d at 240, *citing Texas Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002) ("Accordingly, the Legislature is better suited than the courts to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public

must ultimately bear."). Because the parties were not authorized to extend the statutory waiver-of-immunity time frame set forth in Subsection (f), their agreement attempting to do so did not cure Williams' untimely filing of his Subsection (f) amended pleadings substituting TTUHSC as a governmental-unit defendant. Accordingly, Issue Two is sustained.

## CONCLUSION

Having sustained TTUHSC's issues, we reverse the trial court's judgment and render judgment dismissing the suit against TTUHSC.


GUADALUPE RIVERA, Justice

May 27, 2011

Before Chew, C.J., McClure, and Rivera, JJ.