Opinion issued June 9, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00046-CV

———————————

City of Houston, Appellant

V.

Gloria
Esparza, Appellee



 



 

On Appeal from the 55th 
District Court

Harris County, Texas



Trial Court Case No. 0966566

 



 

MEMORANDUM OPINION

          The
City of Houston files this interlocutory appeal from the trial court’s denial
of its plea to the jurisdiction. Tex.
Civ. Prac. & Rem. Code Ann.                      § 51.014(a)(8)
(West 2008) (authorizing interlocutory appeal from denial of governmental
unit’s plea to the jurisdiction). We hold that the election-of-remedies
provision of the Tort Claims Act bars Gloria Esparza’s claims against the city.
See Tex.
Civ. Prac. & Rem. Code Ann. § 101.106 (West 2005). Accordingly, we
reverse the trial court’s order and render judgment that Esparza’s claims are
dismissed for want of jurisdiction.

Background

          Esparza
sued the city and its employee, Manuel Espinoza, alleging that Espinoza, while
driving a city car, negligently caused a car accident involving Esparza.  Esparza alleged that the city was negligent in
entrusting the vehicle to Espinoza and was liable under respondeat superior. 

The city moved to dismiss Esparza’s
claims against Espinoza individually pursuant to section 101.106(e) of the Tort
Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e) (“If a suit is filed under this chapter against both a governmental
unit and any of its employees, the employees shall immediately be dismissed on
the filing of a motion by the governmental unit.”). It also filed a plea to the
jurisdiction, asserting that Esparza’s claims against the city are barred by section
101.106(b) of the Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(b) (“The filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the governmental unit consents.”). The trial court
granted the motion to dismiss the suit against Espinoza but denied the city’s plea
to the jurisdiction. The city challenges the trial court’s denial of its plea
to the jurisdiction.

Standard of Review

A plea to the jurisdiction challenges the trial court’s
subject-matter jurisdiction to hear the case. Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554
(Tex. 2000); Kamel v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681
(Tex. App.—Houston [1st Dist.] 2010, no pet.). The existence of subject-matter
jurisdiction is a question of law that we review de novo. State Dep’t of
Hwys. & Pub. Transp. v. Gonzalez,
82 S.W.3d 322, 327 (Tex. 2002); Kamel,
333 S.W.3d at 681. We may not presume the existence of subject-matter
jurisdiction; the burden is on the plaintiff to allege facts affirmatively
demonstrating the trial court’s subject-matter jurisdiction of the case. Tex.
Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel,
333 S.W.3d at 681. In deciding a plea to
the jurisdiction, a court may not consider the merits of the case, but only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry.
Cnty. of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002); Kamel,
333 S.W.3d at 681. 

In construing a statute, our primary objective is to
determine and give effect to the Legislature’s intent. State ex rel. State
Dep’t of Hwys. v. Gonzalez,
82 S.W.3d 322, 327 (Tex. 2002); Alexander v. Walker, No. 01–10–00147–CV,
2011 WL 147888, at *2 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, no pet.); see also Tex. Gov’t Code Ann. § 312.005 (West 2005) (“In interpreting
a statute, a court shall diligently attempt to ascertain legislative intent and
the old law, the evil, and the remedy.”). We first look to the plain language
of the statute. Fitzgerald v. Adv. Spine Fixation Sys., 996 S.W.2d 864, 865 (Tex. 1999); Alexander, 2011 WL 147888, at *2. We
also consider the object the Legislature sought to attain, the circumstances
under which it enacted the statute, the legislative history, former statutory
provisions, and the consequences of a particular construction. See Tex.
Gov’t Code Ann. § 311.023(1)–(5) (West 2005). “We ‘read the statute as a
whole and interpret it to give effect to every part.’” Gonzalez, 82 S.W.3d at 327 (quoting Jones
v. Fowler, 969 S.W.2d 429,
432 (Tex. 1998)); see also Tex.
Gov’t Code Ann. § 311.021(2)–(3) (West 2005) (creating presumption that
Legislature intended that entire statute be effective and that statute have
just and reasonable result). With respect to a statutory waiver of immunity, we
interpret the waiver narrowly, as the Legislature’s intent to waive immunity
must be clear and unambiguous. Mission Consol.
Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Gov’t Code Ann. § 311.034 (West
2005)).

The City’s Plea to the Jurisdiciton

 The city argues that
the trial court erred in denying its plea to the jurisdiction pursuant to section
101.106(b), relying on the Supreme Court of Texas’s opinion in Garcia. See Garcia, 253 S.W.3d at 659–60. 

A.      The Texas Tort
Claims Act’s Election-of-Remedies Provision

 

Governmental immunity protects subdivisions of the State,
such as the city, from lawsuits and liability, which would otherwise “hamper
governmental functions by requiring tax resources to be used for defending
lawsuits and paying judgments rather than using those resources for their
intended purpose.” Garcia,
253 S.W.3d at 655–56 (quoting Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006)). The
State can waive this immunity, and the Legislature has enacted statutes that
create limited waivers with respect to specific types of claims. E.g., Tex.
Civ. Prac. & Rem. Code Ann. § 101.001–.109 (West 2005 & Supp. 2009)
[Texas Tort Claims Act] (establishing limited waiver of immunity for tort
claims and capping governmental liability); Tex.
Lab. Code Ann. § 21.001–.556 (West 2006 & Supp. 2010) [Texas
Commission on Human Rights Act] (providing statutory remedy for unlawful
discrimination for which immunity is waived). 

The Texas Tort Claims Act “is the
only, albeit limited, avenue for common-law recovery against the government,”
and governs all tort claims asserted against a governmental entity. Garcia, 253 S.W.3d at 659. Historically,
claimants under the Act sometimes chose to sue the employee of a governmental
entity, rather than the entity itself, in an effort to avoid the Act’s
restrictions. Id. at 656. In 1985, the Legislature added
to the Act a provision that prevented claimants from suing governmental
employees after settlement or adjudication of claims against the government employer
involving the same underlying conduct. Act of May 17, 1985, 69th Leg., R. S. ch.
959, § 1, 1985 Tex. Gen. Laws 3242 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 101.106). Claimants nonetheless continued
to sue both the governmental entity and its employee, often alleging that the
employee acted within the scope of his or her employment or, in the
alternative, that the employee was outside the scope of his or her employment. Garcia, 253 S.W.3d at 656. This
resulted in increased litigation costs for the government. Id. To alleviate this problem, the
Legislature amended section 101.106 of the Tort Claims Act in 2003 to force
claimants to “decide at the outset whether an employee acted independently and
is thus solely liable, or acted within the general scope of his or her
employment such that the governmental unit is vicariously liable, thereby
reducing the resources that the government and its employees must use in
defending redundant litigation and alternative theories of recovery.” Id. at 657.

The 
amended provision, entitled “Election of Remedies,” requires a claimant
under the Act to choose between pursuing claims against a governmental entity
or its employees. Tex. Civ. Prac. &
Rem. Code Ann. § 101.106. Under subsections (a) and (b) of the
provision, filing an action in tort against a governmental unit or its
employee, respectively, constitutes an “irrevocable election” that “immediately
and forever bars” suit or recovery against the other regarding the same subject
matter, absent governmental consent. Id.
§ 101.106(a), (b);[1] see also Garcia, 253 S.W.3d at 655–56 (holding
that subsection (b) barred suit against governmental employer where claimant
sued both governmental employer and employee); Alexander, 2011
WL 147888, at *3 (holding that when claimant first sued governmental employees
and later brought separate suit against governmental employer, subsection (b)
barred suit against employer and subsection (a) did not apply to suit against
employees). The Supreme Court of Texas has recognized that the election-of-remedies
provision of the Tort Claims Act imposes “irrevocable consequences” on a
claimant’s decision regarding whom to sue, such that the claimant “must proceed
cautiously before filing suit and carefully consider whether to seek relief
from the governmental unit or from the employee individually.” Garcia, 253 S.W.3d at 657.

B.      Under Garcia, Esparza’s Claims Against the
City Are Barred by the Texas Tort Claims Act’s Election-of-Remedies Provision

 

In Garcia, Garcia[2]
sued both a Texas school district and its employee, alleging claims under the
Tort Claims Act and the Texas Commission on Human Rights Act. Id. at 654. The school district filed a
plea to the jurisdiction under section 101.106(b), seeking dismissal of all
claims against it. Id. at 655. The trial court denied the plea,
and the court of appeals affirmed. Id.

The Supreme Court of Texas reversed. Id. at 659–60.
First, the supreme court determined that all tort claims filed against a
governmental employer were “filed under this chapter” within the meaning of
subsection (e). Id. at 659 (“[A]ll
tort theories alleged against a governmental unit, whether it is sued alone or
together with its employees, are assumed to be ‘under [the Tort Claims Act]’
for purposes of the section 101.106.”). Second, the supreme court determined
that, when applicable, subsection (b)—which does not contain the same
limitation to claims “filed under this chapter”—bars all suits against the
government, whether brought in tort or otherwise, absent governmental consent. Id. at 659–60.[3]
Thus, under Garcia, when a claimant sues
both the governmental employee and its employer, the election-of-remedies
provision of the Tort Claims Act bars any suit or recovery against the
governmental entity unless the governmental unit consents. Garcia, 253 S.W.3d at 660. Esparza’s claims
in this action are common-law tort claims brought under the Tort Claims Act,
like those that were barred in Garcia,
and Esparza has identified no independent governmental consent to suit for her
claims. See id. 

Esparza argues that the city’s position relies on
“inapplicable dicta” from Garcia. We
disagree. This case differs factually from Garcia
in that the city also filed a motion to dismiss Espinoza under section
101.106(e), while the governmental entity did not file such a motion in Garcia. But, as part of its analysis,
the Garcia court addressed what would
have happened if a section 101.106(e) motion had been filed there: 

Under subsection (e), [employee] would have been entitled to
dismissal of Garcia’s suit against him upon the ISD’s filing of a motion. ISD
has not sought [employee’s] dismissal . . . . But if the ISD had obtained
[employee’s] dismissal from the suit under subsection (e), all of Garcia’s tort
claims ISD would be barred[.]

 

Garcia, 253 S.W.3d at 659. The Garcia court further addressed the interaction
between subsections (b) and (e), concluding that the outcome would be the same
under either subsection: all tort claims against the government would be barred
but the claimant’s claims under the Texas Commission on Human Rights Act would
not be barred. Id. at 660. Regardless,
the issue in this appeal is the same as the issue in Garcia: whether the trial court erred in denying the governmental
entity’s plea to the jurisdiction pursuant to section 101.106(b) after the
claimant filed suit against both a governmental employer and its employee. See id. Following Garcia, we hold that the trial court erred in denying the city’s
plea to the jurisdiction because Esparza’s claims against the city are barred
by the Texas Tort Claims Act’s election-of-remedies provision.

          Esparza further argues that section
101.106(b) applies only if there is a suit against Espinoza, and such a suit
“never existed in this case” because Espinoza was not served and did not appear
in the case, and therefore the trial court never had subject-matter
jurisdiction over Espinoza. Under the plain language of the statute, however,
the bar to suit or recovery against a governmental employer stems from the
claimant’s “filing of a suit against” its employee, not the trial court’s
acquiring personal jurisdiction over the employee, and is effective
“immediately.” Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b). As this Court has previously noted, “the plain language of
[sections 101.106(a) and (b)] suggests that the legislature intended for the
plaintiff’s election to occur when the plaintiff first files suit.” Alexander, 2011 WL 147888, at *4. Because Esparza
filed suit against Espinoza as well as the city, her tort claims against the city
are barred by the election-of-remedies provision. See Garcia, 253 S.W.3d at 660.

C.      Judicial
Estoppel Does Not Apply

Esparza next argues that the city
is judicially estopped from asserting that section 101.106(b) bars suit against
the city because the city has, in this and other cases, taken the position
“that Section 101.106 stands for the proposition that suing the City and its
employee serves as ‘an irrevocable election to sue the Defendant City of
Houston.’” The city responds that its position in this lawsuit is not
inconsistent because a suit against both the city and its employee triggers
both subsection (b) and subsection (e) of the election-of-remedies provision. The city’s position is not inconsistent
with Garcia, in which the court held
that the governmental employee would have been entitled to dismissal if the school
district had filed a motion pursuant to subsection (e). Garcia, 253 S.W.3d at 659–60. Further, although
Esparza asserts that the city has taken an inconsistent position in prior
cases, the only evidence she identifies in the record relates to the city’s earlier
position in this lawsuit. Judicial estoppel does not apply to a purportedly
contradictory position taken in the same proceeding; it comes into play only in
a subsequent lawsuit. Wells v. Kansas
Univ. Endowment Ass’n, 825 S.W.2d 483, 488 (Tex. App.—Houston [1st Dist.]
1992, writ denied); Vinson & Elkins v. Moran, 946 S.W.2d 381, 397
(Tex. App.—Houston [14th Dist.] 1997, writ dism’d by agr.).

          E.      Esparza’s Constitutional Arguments

Finally, Esparza states that, if section 101.106 bars her
suit here, it violates her constitutional rights under the Fifth and Fourteenth
Amendments and substantive due process pursuant to the United States
Constitution, as well as the open courts provision of the Texas Constitution.
Esparza fails to provide any argument or authority to support her contention
that her federal constitutional rights are violated. Esparza therefore has waived
this contention. See Tex. R. App. P. 38.1(i) (requiring
appellant’s brief to contain “a clear and concise argument for the contentions
made, with appropriate citations to authorities and the other record.”); see also Holloway-Houston, Inc. v. Gulf
Coast Bank & Trust Co., 224 S.W.3d 353, 363 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (holding that party waived argument by failing to provide
authority or argument on the issue). 

With respect to her argument under the open courts provision
of the Texas Constitution, Esparza’s argument is a single sentence, unsupported
by authority: “Barring Appellee’s claims against the city under the TTCA,
especially considering its purpose and to [sic] the extent to which Appellee’s
right to redress is effected, would violate the open courts clause of the Texas
Constitution.”  This Court has previously
held that the application of section 101.106 to claims brought under the Tort
Claims Act does not violate the open courts provision because the open courts
provision applies to claims permitted under the common law. But claims against
the government were barred by sovereign and governmental immunity under the
common law. Kamel, 333 S.W.3d at 688 (“Because
the open courts provision affects common law claims and not statutory claims,
the provision does not apply to claims under the TTCA.”) (citing Villasan v.
O’Rourke, 166 S.W.3d 752,
766 (Tex. App.—Beaumont 2005, pet. denied); see
also Thomas v. Oldham, 895 S.W.2d 352, 357–58 (Tex. 1995).

Conclusion

We hold that the trial court erred in denying the city’s
plea to the jurisdiction because section 101.106(b) of the Texas Tort Claims
Act bars Esparza’s claims against the city. We reverse the trial court’s order
and render judgment dismissing Esparza’s claims for lack of jurisdiction.

 

 

Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley and Bland.

 











[1]           Subsection (f) recognizes an exception
whereby a governmental employee-defendant may essentially override the
claimant’s election. Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(f). Under this subsection, if the
claimant files suit against a governmental employee, the employee may force the
claimant to dismiss the employee and name the governmental employer as a
defendant instead by demonstrating that the conduct at issue was within the
scope of his or her employment. Id.; see also Franka v. Velasquez, 332 S.W.3d
367, 376 (Tex. 2011); Univ. of Tex.
Health Sci. Ctr. v. Bailey, 332 S.W.3d 395, 401 (Tex. 2011). Several courts
of appeals have observed that, when the governmental employee has satisfied
this burden, the claimant must comply with subsection (f)’s requirements for
dismissing the governmental employee and naming the governmental entity as a
defendant so that the suit will be treated as if it were brought against the
employer, rather than the employee; otherwise, the governmental employee will
be dismissed and subsection (b) will bar suit against the governmental
employer. See Univ. of Tex. Health Sci. Ctr. at San
Antonio v. Webber-Eells,
327 S.W.3d 233, 237 (Tex. App.—San Antonio 2010, no pet.); Huntsville
Indep. Sch. Dist. v. Briggs,
262 S.W.3d 390, 394–395 (Tex. App.—Waco 2008, pet. denied); Tex. Dep’t of
Agric. v. Calderon, 221
S.W.3d 918, 922 (Tex. App.—Corpus Christi 2007, no pet.).

 





[2]           In
Garcia, the name “Garcia” actually refers
to three school district employees who filed identical suits that were
consolidated on appeal. 253 S.W.3d at 654.





[3]
          In an aspect of the case not relevant here, the supreme court determined that
subsection (b) did not bar Garcia’s claims under the Texas
Commission on Human Rights Act because that act’s statutorily authorized remedy
constitutes an independent waiver of immunity which falls within subsection
(b)’s exception for suits to which “the governmental unit consents.” Garcia, 253 S.W.3d at 660; Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).